IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Ray Mitchell, | C/A No. 3:12-1714-CMC-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| S.C. All ECT.; Richland Co. Public Servant's Top Authority's; A/G A.W. a/k/a Alan Wilson; C.-S-Ct. Gov. Nikki Haley; Leon Lott; Dan Johnson, Solicitor; Deputy #1431, #1411; Lt. Bolin Sheriff Dept. Richland Co.; Chief Justice J.H.T., | |
| Defendants. | |

Plaintiff, Kenneth Ray Mitchell, ("Plaintiff"), a self-represented pre-trial detainee, appears to bring this civil action pursuant to 42 U.S.C. § 1983.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

**BACKGROUND**

This court takes judicial notice that Plaintiff, while a pretrial detainee at the Alvin S. Glenn Detention Center, has filed several similar prior actions pursuant to § 1983.² On January 13, 2012, Plaintiff filed an action alleging wrongful imprisonment because he is innocent on the state charges pending against him, and he requested damages from South Carolina and Richland County. (See Report and Recommendation, Mitchell v. S.C., C/A No. 3:12-153-CMC-PJG (D.S.C. Feb. 27, 2012), ECF No. 13.) In that prior case, he also may have intended to sue Sheriff Leon Lott, South Carolina Supreme Court Chief Justice Jean Toal, South Carolina Attorney General Alan Wilson, and Governor Nikki Haley. (See id. at 2, n.2.) This court summarily dismissed that action without prejudice for several reasons, including this court should not interfere with state criminal proceedings pursuant to Younger³ abstention, Eleventh Amendment immunity, and failure to state a claim on which relief may be granted. (See id., adopted by Opinion and Order, Mitchell v. S.C., C/A No. 3:12-153-CMC (D.S.C. March 9, 2012), ECF No. 22, aff'd by, Opinion, Mitchell v. S.C., C/A No. 3:12-153-CMC (4th Cir. July 26, 2012), ECF No. 33).

Additionally, Plaintiff, while a pretrial detainee at the Alvin S. Glenn Detention Center, filed a prior civil action pursuant to § 1983 on October 20, 2011, which this court dismissed without prejudice on January 17, 2012. (See Opinion and Order, Mitchell v. Lewis, No. 0:11-2860-CMC-PJG (D.S.C. Jan. 17, 2012), ECF No. 15). In that action,

---

² It is appropriate for this district court to take judicial notice of Plaintiff's prior cases. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

³ Younger v. Harris, 401 U.S. 37 (1971).



Plaintiff alleged, among other things, that he was wrongfully in jail and that the criminal proceedings against him constituted harassment. (See Report and Recommendation, Mitchell v. Lewis, No. 0:11-2860-CMC-PJG (D.S.C. Jan. 4, 2012), ECF No. 11). Also, in that action this court took judicial notice of the following:

> [A]ccording to the Richland County Fifth Judicial Circuit Court's Public Index web site, Plaintiff is charged with possession of a stolen vehicle (case number: M723879; arrest date: 07/13/2011; indictment number: 2011GS4004318; true bill date: 09/08/2011). Plaintiff also has a pending Richland County General Sessions Court charge of assault of a high and aggravated nature (case number: I938379; arrest date: 08/22/2010; indictment number: 2011GS4000363; true bill date: 01/19/2011). See http://www4.rcgov.us/PublicIndex/Default.aspx (last visited November 16, 2011); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). The court also takes judicial notice that, according to the Alvin S. Glenn Detention Center's Offender Information web site, Plaintiff was booked into the facility on 07/13/2011 and is being held in lieu of a $25,000 surety bond. See https://jail.richlandonline.com/public/default.aspx (last visited November 16, 2011). See Williams v. Long, 585 F.Supp.2d 679, 687-88 (D. Md. 2008) (collecting cases in which courts have found postings on government web sites as inherently authentic or self-authenticating).

(See id., ECF No. 11 at 2, n.2). This court dismissed that action because Plaintiff failed to state a claim on which relief may be granted. (See Report and Recommendation, Mitchell v. Lewis, No. 0:11-2860-CMC-PJG (D.S.C. Jan. 4, 2012), ECF No. 11 at 11-12, adopted by Opinion and Order, Mitchell v. S.C., C/A No. 3:12-153-CMC (D.S.C. Jan. 17, 2012), ECF No. 15).

In a prior habeas action filed by Plaintiff, this court took judicial notice that as of February 27, 2012, the Richland County Fifth Judicial Circuit Court's Public Index web site indicated that indictments for possession of a stolen vehicle and assault of a high and

*PJG*

aggravated nature were pending against Petitioner. (See Report and Recommendation, Mitchell v. Myers, C/A No. 0:12-242-CMC-PJG (D.S.C. Feb. 27, 2012), ECF No. 10).

In the instant action, Plaintiff alleges that his July 13, 2011, arrest was unlawful and that the criminal charges against him are unlawful and based on lies.[4] (ECF No. 1-5 at 4.) He alleges that he has been at the Alvin S. Glenn Detention Center for fifteen months[5] and that no trial date has been scheduled. (ECF No. 1-5 at 5.) He alleges that his right to a speedy trial has been violated. (ECF No. 1-5 at 6.) Further, Plaintiff alleges that his constitutional right to a reasonable bail has been violated because he has been held on a $25,000 bond for more than one year. (ECF No. 1-5 at 5.) Additionally, Plaintiff alleges that his personal property has been lost during his time at the detention center, and that no one can find his belongings. (Id.) Plaintiff requests his liberty to be restored and money for each day spent in the detention center. (ECF No. 1-5 at 6.) He also requests that his property be returned, or he seeks damages as reimbursement. (Id.)

## INITIAL REVIEW GENERALLY

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss

---

[4] Although Plaintiff submitted hand-written documents which the Clerk of Court construed as the Complaint in this action, this court then required Plaintiff to complete a complaint on the appropriate court form. (See ECF No. 9). Plaintiff did so, and the Complaint on the court form is filed at ECF No. 1-5. This court's references to the allegations in the Complaint refer to ECF No. 1-5.

[5] Plaintiff informed the court that during the pendency of this action he was transferred from the detention center to Just Care/Columbia Care Center allegedly for sixty days for a mental evaluation. (See ECF No. 12; ECF No. 9 at 1 n.1).



a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(I) and (ii). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The requirement of liberal construction does not mean, however, that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

**DISCUSSION**

As to Plaintiff's claim that he has been wrongfully held in the detention center since July 13, 2011, this court has previously ruled on this claim in several of Plaintiff's prior lawsuits. Plaintiff's claim should not be addressed by this court because the Younger abstention doctrine bars this court from interfering with pending state criminal proceedings. "The Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.' " Martin v. Stewart, 499 F.3d 360, 363 (4th Cir. 2007). Abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it. Id. Because the Supreme Court seeks to ensure that abstention is the exception and not the rule, it has instructed the lower courts when abstention is permissible. Id. In Younger v. Harris, the United States Supreme Court held that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). From Younger and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the



proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

In this case, Plaintiff alleges that he is involved in an ongoing state criminal proceeding. The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). The Supreme Court also addressed the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.' " Gilliam, 75 F.3d at 903 (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)). Here, Plaintiff seeks damages for each day he has spent in jail, and he requests that his liberty be restored. By requesting release from the detention center, Plaintiff implicitly seeks interference with the pending state criminal proceedings. The Complaint seems to request that this court should find that Plaintiff is wrongfully being held on charges which are based on lies. If this court were to rule on that issue, it would be interfering with matters which are before the state court. Similarly, if this court were to address whether the defendants have violated Plaintiff's constitutional right to a speedy trial or right to not have excessive bail imposed, this court would be interfering with the pending criminal proceedings in state court. This court finds that because Plaintiff should be able to vindicate his federal constitutional rights in the state proceedings, during his trial, and in state appellate proceedings, it should abstain on this § 1983 action.



This action also should be dismissed based on Eleventh Amendment immunity. Plaintiff asserts that he seeks damages from the state and state officials, but South Carolina has immunity from suit in this court. "[W]e have understood the Eleventh Amendment to confirm the structural understanding that States entered the Union with their sovereign immunity intact . . . .' " Virginia Office for Prot. & Advocacy v. Stewart, 131 S.Ct. 1632, 1637-38 (2011). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." Id. (citations omitted). The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Id. at 1637 n.1; see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under Pennhurst, a State must expressly consent to suit in a federal district court, which South Carolina has not done. See S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Moreover, a state's immunity under the Eleventh Amendment also extends to its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the

PJG

reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."); Mt. Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) ("The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances.").

As to Plaintiff's claim that the defendants wrongfully took and lost his personal property, the United States Supreme Court has held that deprivations of personal property, including negligent deprivations of personal property, do not support an action for damages under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-336 (1986). Additionally, the United States Court of Appeals for the Fourth Circuit has held that random and unauthorized deprivations of personal property by state officials do not rise to a federal due process violation where the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss. See Mora v. City of Gaithersburg, Md., 519 F.3d 216, 230-31 (4th Cir. 2008); Bogart v. Chapell, 396 F.3d 548, 561-63 (4th Cir. 2005); Yates v. Jamison, 782 F.2d 1182, 1183-1184 (4th Cir. 1986). In South Carolina, the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss. Under South Carolina law, Plaintiff's negligence claim relating to his lost property may be cognizable under the South Carolina Tort Claims Act. See S.C. Code Ann. § 15-78-10 (1976) et seq. Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Suits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South

PJG

Carolina.  See S.C. Code Ann. §15-78-20(e).  Moreover, if Plaintiff is alleging that the defendants intentionally took and destroyed his personal property, he still may not seek relief pursuant to § 1983.  See Hudson v. Palmer, 468 U.S. 517, 530-536 (1984) (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); Mora, 519 F.3d at 230-31 (finding that the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the state process was constitutionally inadequate).

      Finally, a review of the entire Complaint (ECF No. 1 at 1-33) shows that many of Plaintiff's allegations fail to state any plausible claim.  Rule 8(a) of the Federal Rules of Civil Procedure requires that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against Defendants.  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully."  Id.  It requires the plaintiff to articulate facts that, when accepted as true, show that the plaintiff has stated a claim entitling him to relief.  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 557).  The court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments."  Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006); see also Walker

v. Prince George's Cnty., 575 F.3d 426, 431 (4th Cir. 2009) (citing Semple v. City of Moundsville, 195 F.3d 708, 712 (4th Cir. 1999)).

Although this court is bound to liberally construe Plaintiff's *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to support his claim. Brown v. Zavaras, 63 F.3d 967 (10th Cir. 1995); see Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). Due to the lack of factual allegations of specific wrongdoing attributable to specific defendants, the Complaint fails to state a claim on which relief may be granted. See Cochran v. Morris, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); see also Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977) (dismissing a *pro se* complaint for improper pleading); Holsey v. Collins, 90 F.R.D. 122, 128 (D. Md. 1981).

## RECOMMENDATION

Accordingly, the court recommends that Plaintiff's Complaint in the above-captioned case be summarily dismissed, without prejudice and without issuance and service of process. In addition, the court recommends that Plaintiff's motion for bond be terminated. (ECF No. 36.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 22, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).