IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kenneth Ray Mitchell, ) | C/A NO. 3:12-1714-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| S.C. All ECT [sic].; Richland Co. Public ) | |
| Servant's Top Authority's; A/G A.W. a/k/a ) | |
| Alan Wilson; C.-S-Ct. Gov. Nikki Haley; ) | |
| Leon Lott; Dan Johnson, Solicitor; ) | |
| Deputy #1413, #1411; Lt. Bolin Sheriff ) | |
| Dept. Richland Co.; Chief Justice J.H.T., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On October 23, 2012, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed "objections" to the Report on October 31, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

1

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to Plaintiff's response to the Report, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's response, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

"[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," *de novo* review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted); *see also Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Likewise, "frivolous" objections need not be considered. *Wilson v. Att'y Gen. of Md.*, 991 F.2d 793, 793 (4th Cir. 1993) (citations omitted); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

Plaintiff's objections are rambling assertions that the court is biased, his speedy trial rights have been violated, and that corruption gallops through this Court and the courts and jails of the State of South Carolina. Plaintiff's objections are without merit. Therefore, this action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

                                                       s/ Cameron McGowan Currie
                                                       CAMERON McGOWAN CURRIE
                                                       UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 8, 2012